UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

PRESIDENTIAL FINANCIAL )
CORPORATION, a corporation, )
)
Plaintiff, )
)
vs. ) CIVIL ACTION No. CV-96-S-1539-NE
)
COACH'S STRIPE, INC., a )
corporation; CHARLES B. )
WOODY, JR., an individual; )
BOBBIE A. WOODY, an )
individual; GEORGE NICK )
AUTREY, an individual; and, )
KATHY B. AUTREY, an )
individual, )
)
Defendants. )



FEB 25 1997

## MEMORANDUM OPINION

This action is before the court on plaintiff's motion for summary judgment against defendant Bobbie A. Woody. Jurisdiction is properly based upon 28 U.S.C. § 1332 because: (1) plaintiff is a corporation organized under the laws of Georgia, with its principal place of business also in that state; (2) defendant, Bobbie A. Woody, is an adult citizen of Madison County, Alabama; and (3) the amount in controversy exceeds $50,000. Plaintiff alleges breach of contract, and seeks a judgment against Bobbie A. Woody in the amount of $118,099.52 plus costs, attorneys' fees, interest, and service charges accruing after October 31, 1996.

24

FEB-25-1997 14:09        5510741                              P.005

Upon consideration of the motion, pleadings, and evidentiary submissions, plaintiff's motion is due to be granted.[1]

## I. DISCUSSION

On June 22, 1994, Presidential Financial (lender) entered into a Loan Agreement and Security Agreement ("Loan Agreement") with Coach's Stripe (borrower). (Love Affidavit ¶3.)[2] Pursuant to the Loan Agreement, Coach's Stripe executed and delivered to Presidential Financial a Demand Secured Promissory Note ("Note") in the principal amount of $500,000.00 to effect the line of credit established by the Loan Agreement. (*Id.*, ¶4.) That Note provides that if the Note is collected through an attorney-at-law, Coach's Stripe will pay all costs of collection, including reasonable attorneys' fees, incurred by Presidential Financial. (Demand Secured Promissory Note, Exhibit "B" to Complaint.)

On June 22, 1994, Bobbie A. Woody and Charles B. Woody, Jr.,[3] jointly and severally, executed a Guaranty Agreement guaranteeing unconditional payments of all amounts owing from Coach's Stripe to Presidential Financial. (Guaranty Agreement, Exhibit "C" to Complaint.) That Guaranty Agreement executed by Bobbie A. Woody provides that if any claim under the Guaranty Agreement is

---

[1] The court has considered the following motion and evidentiary submissions: (1) Plaintiff's Motion for Summary Judgment Against Defendant Bobbie A. Woody; (2) Affidavit of Kenneth W. Love ("Love Affidavit"); (3) June 22, 1994, Loan Agreement and Security Agreement; (4) June 22, 1994, Demand Secured Promissory Note; and (5) June 22, 1994, Guarantee Agreement.

[2] Kenneth W. Love is the Executive Vice President of Presidential Financial Corporation.

[3] Plaintiff voluntarily dismissed all claims against defendant, Charles B. Woody, Jr., without prejudice, on September 10, 1996.

2

FEB-25-97 TUE 05:18 PM   US DISTRICT COURT HSV   FAX NO. 5510741              P. 05

collected through an attorney-at-law, Bobbie A. Woody "shall be liable to [Presidential] for attorneys' fees equal to fifteen percent (15%) of the unpaid indebtedness and obligations." (Guaranty Agreement, Exhibit "C" to Complaint.) Coach's Stripe is in default on the Loan Agreement and the Note for failure to make payments. As of October 31, 1996, Coach's Stripe owed Presidential Financial $118,099.52 in principal, interest, and service charges, the payment of which amount was guaranteed by Bobbie A. Woody. (Love Affidavit ¶9.) Bobbie A. Woody has not attempted to dispute the amount or validity of Presidential Financial's claim. Thus, the undisputed evidence shows that Presidential Financial is entitled to recover $118,099.52 plus costs, attorneys' fees, and service charges from Bobbie A. Woody. Bobbie A. Woody failed to itemize any "costs, attorneys' fees, interest, [or] service charges" accruing after October 31, 1996, therefore, no recovery is granted as to those items.

In addition to the that sum, Bobbie A. Woody is entitled to receive interest on the amount of $118,099.52, computed at the rate of six percent (6%) per anum simple interest, from June 14, 1996 (the date this action was filed) until February 24, 1997 (the date this judgment is entered). See Alabama Code §§ 8-8-2, 8-8-8.

## II. CONCLUSION

A final judgment consistent with this memorandum opinion will issue contemporaneously herewith.

DONE this __24th__ day of February, 1997.

                                         United States District Judge

4